**UNITED STATES of America**

v.

**John J. CADDEN.**

**Cr. No. 99–104ML.**

United States District Court,
D. Rhode Island.

May 18, 2000.

Stephanie Browne, Asst. U.S. Atty., Providence, RI, for Plaintiff.

Mark B. Laroche, Providence, RI, for Defendant.

### MEMORANDUM AND DECISION

LISI, District Judge.

On January 20, 2000, Defendant, John J. Cadden ("Cadden") pled guilty to one

count of possession of destructive devices in the form of two pipe bombs, in violation of 26 U.S.C. §§ 5845(f) and 5861(d). Cadden was sentenced to a term of thirty (30) months of imprisonment after the Court determined that his total offense level under the federal sentencing guidelines was nineteen (19). This memorandum. sets forth the Court's analysis of the applicable law in deciding whether Cadden is a "prohibited person" as that term is defined in the federal sentencing guidelines.

### I. Facts and Travel of the Case

On July 7, 1998, Cadden pled nolo contendere to one count of simple domestic assault in the Rhode Island District Court. The state court docket indicates that Cadden was referred to the public defender, that he was sentenced to a one-year term of probation, and that he was ordered to pay certain court costs and undergo domestic abuse counseling. Cadden completed his term of probation without incident.

On August 8, 1999, Cadden was arrested by local law enforcement officers and charged with several offenses. Cadden was indicted by the federal grand jury on October 20, 1999, and charged with one count of possessing two pipe bombs in violation of 26 U.S.C. §§ 5845(f) and 5861(d). On January 20, 2000, Cadden pled guilty to the indictment pursuant to a plea agreement. Sentencing was scheduled for April 7, 2000.

On March 3, 2000, the probation department ("probation") submitted Cadden's Presentence Report ("PSR") in which the probation officer applied USSG § 2K2.1(a)(4)(B)(i) and assigned Cadden a base offense level of 20. *See* U.S. Sentencing Commission, *Guidelines Manual* ("USSG") (Nov.1998). This calculation was based upon a determination that a

pipe bomb is a "firearm [as] described in 26 U.S.C § 5845(a)" and that Cadden was a "prohibited person" at the time of his possession. Since the offense involved a destructive device, probation also applied USSG § 2K2.1(b)(3), adding two levels to the base offense level for an adjusted offense level of 22.

On March 17, 2000, Cadden filed an objection to the PSR, asserting that the additional two levels added pursuant to USSG § 2K2.1(b)(3) amounted to impermissible "double counting." Cadden, however, did not dispute his classification as a "prohibited person."

On March 23, 2000, the Government filed a memorandum in aid of sentencing. The Government refuted Cadden's "double counting" argument, and argued (incorrectly) that Cadden "is not a prohibited person as defined in the guidelines or as defined in 18 U.S.C. § 921(a)(20), as his plea of nolo contendere coupled with a sentence of probation is not considered a conviction under Rhode Island law."[1] The Government concluded that the correct starting point for Cadden's sentence calculation was USSG § 2K2.1(a)(5), with a base offense level of 18.

At a pre-sentencing chambers conference on April 7, 2000, the Court notified both parties that 18 U.S.C. § 921(a)(20) does not apply to Cadden's offense calculation because that section defines predicate felonies; rather the pertinent provision is 18 U.S.C. § 921(a)(33), which defines predicate misdemeanor crimes of domestic violence. The Court also expressed its concern as to whether Cadden was properly classified as a "prohibited person" as that term is defined in USSG § 2K2.1 cmt. 6. The Court asked the parties to submit memoranda addressing whether Cadden,

---

1. R.I. Gen. Laws § 12–18–3 (1956) states in part:

    **Plea of nolo contendere followed by probation-Effect.**— (a) Whenever any person shall be arraigned before the district court or superior court, and shall plead nolo contendere, and the court places the person on probation pursuant to § 12–18–1, then upon the completion of the probationary period, and absent a violation of the terms of the probation, the plea and probation shall not constitute a conviction for any purpose.

who pled nolo to a misdemeanor crime of domestic violence in Rhode Island, and successfully completed a one-year term of probation, is to be considered "convicted" of a misdemeanor crime of domestic violence for purposes of 18 U.S.C. § 921(a)(33), and therefore a "prohibited person" under the sentencing guidelines.

This issue is a matter of first impression in this Circuit. Although the question was raised in two prior cases decided by this Court, in neither case was the issue ripe for determination. *See Gardner v. Vespia,* No. 98–292 (D.R.I. March 24, 2000) (effect of misdemeanor domestic assault conviction in application to purchase a firearm); *Carew v. Centracchio,* 17 F.Supp.2d 56 (D.R.I.1998) (effect of misdemeanor domestic assault conviction in employment context). The facts of *Gardner* and *Carew,* and the legal arguments made in those cases as well as the case at bar, suggest that this issue is one of great significance, and that there exist common misconceptions in the legal community (both civil and criminal) as to the interplay between R.I. Gen. Laws § 12–18–3 and 18 U.S.C. § 922(g)(9). For these reasons, this Court sets forth its analysis of the relevant law in some detail.

## II. Discussion

The question presented is whether Cadden, by virtue of his entering a plea of nolo contendere to a charge of misdemeanor domestic assault and receiving a probationary term which he successfully completed prior to committing the instant offense, is considered a "prohibited person" as that term is defined in USSG § 2K2.1(a)(4)(B)(i). Application note 6 states in part: a "[p]rohibited person," as used in subsections (a)(4)(B) ... means anyone who: "... (vii) has been convicted in any court of a misdemeanor crime of domestic violence as defined in 18 U.S.C. § 921(a)(33)." *See* USSG § 2K2.1 cmt. 6.

Section 921(a)(33) of Title 18 of the United States Code states in part:

(a) As used in this chapter—

.　　.　　.　　.　　.

(33)(A) [T]he term "misdemeanor crime of domestic violence" means an offense that—

(i) is a misdemeanor under Federal or State law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

Subsection (B)(i) and (ii) of Section 921(a)(33) state the circumstances under which a person shall *not* be considered convicted of a misdemeanor crime of domestic violence:

(B)(i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless—

(I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

(II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

(aa) the case was tried by a jury, or

(bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

(ii) A person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable

jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

This section, unlike 18 U.S.C. § 921(a)(20), which defines predicate felonies for the firearms offenses, does not affirmatively provide that state law governs what is to be considered a "conviction." The pertinent provision of Section 921(a)(20) of Title 18 of the United States Code provides:

*What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.* Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

(emphasis added).

The language in 18 U.S.C. § 921(a)(20) which directs that state law determines what constitutes a predicate felony conviction, was added in 1986 by the Firearms Owner's Protection Act ("the Act"). Congress passed the Act, in part, to overturn the Supreme Court's holding in *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983). In *Dickerson,* the Supreme Court held that absent clear language to the contrary, what constitutes a conviction is a matter of federal, not state law. *See id.* at 110–12, 103 S.Ct. 986. In that case, the Court found that a plea of guilty followed by a sentence of probation constituted a conviction under 18 U.S.C. § 921(a)(20). *Id.* "[F]or purposes of the federal gun control laws, we equate a plea of guilty and its notation by the state court, followed by a sentence of probation, with being 'convicted' within the language of [section 922(g) ]." *Id.* at 114, 103 S.Ct. 986.

In 1996, Congress passed the Lautenberg Amendment which added Section 922(g)(9) to the firearms statute; this section provides:

(g) It shall be unlawful for any person—

.　　.　　.　　.　　.

(9) who has been convicted in any court of a misdemeanor crime of domestic violence,

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(9). This section prohibits the possession of firearms by anyone previously convicted of a "misdemeanor crime of domestic violence," a term which is defined in 18 U.S.C. § 921(a)(33). Unlike the "revised" § 921(a)(20), § 921(a)(33) does not include any language indicating that state law determines what constitutes a predicate conviction of a misdemeanor crime of domestic violence.

The Court finds that the omission of any reference to state law in 18 U.S.C. § 921(a)(33) indicates Congress's intent that federal law define what constitutes a conviction of misdemeanor crimes of domestic violence. The Court's analysis begins with a fundamental rule of statutory construction: "if words used in a prior statute to express a certain meaning are omitted, it will be presumed that a change of meaning was intended. Thus it has been said 'where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.'" 2B Norman J. Singer, *Sutherland Statutory Construction,* § 51.02 at 122–23 (5th ed.1992).

At the time Congress enacted 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 921(a)(33), it was certainly aware that under *Dickerson,*

460 U.S. at 114, 103 S.Ct. 986, the courts would look to federal law rather than state law to define the term "conviction," absent some clear and specific reference from Congress pointing to state law. Nonetheless, Congress enacted 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 921(a)(33), some ten years after it amended 18 U.S.C. § 921(a)(20), without a similar reference to state law. Instead, Congress elected to set forth the factors which exclude a conviction from the scope of 18 U.S.C. § 922(g)(9). The Court finds that the omission of any reference to state law was Congress's clear message to the courts that the determination of whether or not a conviction is a conviction for purposes of 18 U.S.C. § 922(g)(9), must be decided as a matter of federal, not state law.[2]

### III. Conclusion

In this case, Cadden's conviction for misdemeanor domestic assault does not meet any of the exclusionary criteria in 18 U.S.C. § 921(a)(33)(B), but does meet the criteria of what constitutes a conviction as a matter of federal law as set forth in *Dickerson. See* 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845. This Court finds that Cadden's nolo plea plus probation on the domestic assault charge in 1998, constitutes a conviction for purposes of the federal sentencing guidelines. The defendant is therefore by definition a "prohibited person" under USSG § 2K2.1(a)(4)(B)(i).

**2.** The language of Senator Frank Lautenberg, the sponsor of the Amendment, reflects Congress's intent to treat misdemeanor crimes of domestic violence differently than felonies: "This amendment, very simply, would establish a policy of zero tolerance when it comes to guns and domestic violence.... There is no margin of error when it comes to domestic abuse and guns. A firearm in the hands of an abuser all too often means death. By their nature, acts of domestic violence are especially dangerous and require special attention." 142 Cong. Rec. S10377–01, S10377–78 (daily ed. Sept. 12, 1996).